PER CURIAM:
Granted. Defendant's complaint regarding the seating of the now-deceased juror fails to allege a claim which, if established, would entitle him to relief. La.C.Cr.P. art. 928. See also Burton v. Johnson , 948 F.2d 1150, 1156 (10th Cir. 1991) ("A party who seeks a new trial because of non-disclosure by a juror during voir dire must show actual bias, either by express admission or proof of specific facts showing a close connection to the circumstances at hand that bias must be presumed."). In addition, defendant has failed to show the state withheld material exculpatory evidence in violation of Brady v. Maryland , 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Therefore, we grant the State's application to vacate the district court's ruling setting this matter for an evidentiary hearing, and we remand for further proceedings consistent with this ruling.
Defendant has now fully litigated two applications for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Defendant's claims have now *577 been fully litigated in accord with La.C.Cr.P. art. 930.6. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, defendant has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.